**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNIE LAMBERT, | ) NO. CV 11-10059-PA(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| WARDEN McDONALD, | ) |
| Respondent. | ) |

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on December 5, 2011. On December 6, 2011, the Magistrate Judge issued an "Order Requiring Answer to Petition for Writ of Habeas Corpus." On January 3, 2012, Petitioner filed a First Amended Petition. On that date, the Magistrate Judge issued a Minute Order deeming the First Amended Petition to supersede the original Petition and ordering Respondent to file an Answer to the First Amended Petition.

///

1    On January 27, 2012, Respondent filed a "Motion to Vacate Order Requiring Response" ("Motion to Vacate"), asserting that the First Amended Petition is "second or successive" to Petitioner's previous habeas petition filed in this Court in Lambert v. Felker, CV 08-3476-PA(RC).

On January 30, 2012, the Magistrate Judge issued a Minute Order requiring that Petitioner file a response to the Motion to Vacate within twenty days of the date of the Order.  Petitioner did not file a response within the allotted time.  Therefore, on March 5, 2012, the Magistrate Judge issued a Report and Recommendation recommending dismissal of the action for failure to prosecute.

On March 15, 2012, Petitioner filed a document indicating Petitioner's intent to prosecute the action.  On March 15, 2012, the Magistrate Judge withdrew the Report and Recommendation and again ordered Petitioner to file a response to the Motion to Vacate.  On April 2, 2012, Petitioner filed an "Opposition to Respondent's Motion to Vacate, etc." ("Opposition").

**BACKGROUND**

In 2006, a jury found Petitioner guilty of two counts of committing a lewd act with a child under the age of fourteen, in Los Angeles County Superior Court case number SA055340.  People v. Lambert, 2007 WL 404180, at *1 (Cal. App. Feb. 7, 2007); Lambert v. Felker, 2009 WL 3415893, at *1 (C.D. Cal. Oct. 19, 2009).  The court found true the allegations that Petitioner previously had suffered

2

convictions for attempted rape, rape and aggravated kidnapping. People v. Lambert, 2007 WL 404180, at *1; Lambert v. Felker, 2009 WL 3415893, at *1. Petitioner received a sentence of sixty years to life pursuant to California's "Three Strikes Law," California Penal Code sections 1170.12(a) - (d). Lambert v. Felker, 2009 WL 3415893, at *1.

The Court of Appeal affirmed the judgment. See People v. Lambert, 2007 WL 404180 (Cal. App. Feb. 7, 2007). The California Supreme Court denied Petitioner's petition for review (First Amended Petition, p. 2).

**PETITIONER'S CLAIMS**

The First Amended Petition challenges Petitioner's conviction and sentence in Los Angeles County Superior Court case number SA055340. Petitioner contends: (1) Petitioner's Three Strikes sentence assertedly is unconstitutional (Ground One); (2) Petitioner's Three Strikes allegedly violates the California Constitution and the Ex Post Facto Clause (Ground Two); and (3) Petitioner's trial counsel allegedly rendered ineffective assistance (Ground Three).[1]

---

[1] Petitioner does not allege in what respect(s) his trial counsel assertedly was ineffective. However, in the original Petition, Petitioner alleged that trial counsel rendered ineffective assistance by assertedly: (1) failing to research and "protect" Petitioner's prior convictions; (2) failing to call witnesses; (3) failing to cross-examine witnesses; (4) failing to "argue against a 'breach' of Petitioner[']s Prior Plea-Bargain Agreement Contract"; (4) failing to argue against the use of Petitioner's prior convictions on the ground that those convictions pre-dated the Three Strikes Law; (5) failing to obtain the record and/or transcripts reflecting the prior plea bargain agreements; (6) failing to obtain the police reports in
(continued...)

**PETITIONER'S PRIOR FEDERAL PETITION**[2]

On May 28, 2008, Petitioner filed the Petition in Lambert v. Felkner, CV 08-3476-PA(RC), challenging his conviction and sentence in Los Angeles County Superior Court case number SA055340. On June 25, 2008, Petitioner filed an Amended Petition alleging that Petitioner's trial counsel rendered ineffective assistance, by assertedly: (1)(a) failing to call "pertinent witnesses," and (b) giving "misleading information" which assertedly "made it impossible to testify" (Grounds One (a) and (b)); and (2) failing to object to the introduction of uncharged offenses (Ground Two) (Amended Petition in Lambert v. Felkner, CV 08-3476-PA(RC), filed June 25, 2008). On October 28, 2008, the respondent filed a motion to dismiss, alleging that Grounds One (a) and (b) of the Amended Petition were unexhausted. Petitioner filed an opposition on December 18, 2008. On December 19, 2008, Magistrate Judge Rosalyn M. Chapman issued a Minute Order deeming Ground One of the Amended Petition to be unexhausted and finding the Amended Petition to be a "mixed" petition subject to dismissal pursuant to Rose v. Lundy, 455 U.S. 509 (1982). However, before dismissing the Amended Petition, Magistrate Judge Chapman offered Petitioner the opportunity to file a document requesting the court to

---

[1](...continued)
the proceedings resulting in Petitioner's prior convictions; (7) failing to argue against the "illegal" enhancements; and (8) causing Petitioner to receive a sentence of 60 years to life (Petition, attachment, p. 4).

[2] The Court takes judicial notice of the file in Lambert v. Felkner, CV 08-3476-PA(RC). See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

4

strike the unexhausted claims and proceed only on the exhausted claim or to file a Second Amended Petition striking Grounds One (a) and (b).

Petitioner did not file a timely response to the December 19, 2008 Order. On January 27, 2009, Magistrate Judge Chapman issued a Report and Recommendation recommending dismissal of the action. On February 3, 2009, Petitioner filed a document requesting that the Court strike Grounds One (a) and (b) and proceed only on Ground Two. Magistrate Judge Chapman issued a Minute Order on February 5, 2009 granting Petitioner's request and withdrawing the Report and Recommendation.

On April 30, 2009, the respondent filed an Answer addressing the merits of Ground Two of the Amended Petition. On July 29, 2009, Magistrate Judge Chapman issued a Report and Recommendation addressing Ground Two of the Amended Petition and recommending denial of the Amended Petition on the merits. On October 19, 2009, United States District Judge Percy Anderson issued an order adopting the Report and Recommendation. Judgment was entered on October 21, 2009.

The Ninth Circuit denied a certificate of appealability on September 14, 2010 (Respondent's Lodgment 6). The United States Supreme Court denied certiorari on February 22, 2011. See Lambert v. Felker, 131 S. Ct. 1494 (2011).

///
///
///
///

**DISCUSSION**

Section 2244(b) of Title 28, United States Code, requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing "second or successive" petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).

A petitioner is not required to obtain Circuit permission to file a subsequent petition where the first petition was dismissed without prejudice for failure to exhaust available state remedies. Slack v. McDaniel, 529 U.S. 473 (2000); see also Valerio v. Crawford, 306 F.3d 742, 766-67 (9th Cir. 2002), cert. denied, 538 U.S. 994 (2003) (where district court dismissed first petition without prejudice as a mixed petition pursuant to Rose v. Lundy, second petition was not second or successive). However, the Court did not dismiss the Amended Petition in Lambert v. Felkner, CV 08-3476-PA(RC) for failure to exhaust. Rather, after Petitioner elected to strike his unexhausted claims and

6

proceed only on his exhausted claim, the Court denied the exhausted claim on the merits. Hence, the present Petition is "second or successive" to the petition in Lambert v. Felkner, CV 08-3476-PA(RC). See Matkin v. Henry, 2009 WL 1098789, at *1 (E.D. Cal. Apr. 22, 2009) (subsequent petition is "second or successive" where petitioner "chose the option of abandoning [her unexhausted] claims and has now returned to this Court well after the first petition was denied on the merits and affirmed on appeal"). The fact, if it is a fact, that some of Petitioner's present claims were unexhausted at the time Petitioner filed the petition in Lambert v. Felkner, CV 08-3476-PA(RC) is irrelevant to the present analysis. A subsequent petition is "second or successive" regardless of whether the claims in the subsequent petition were exhausted at the time the original petition was filed. Burton v. Stewart, 549 U.S. at 147.

Petitioner argues that the exception contained in section 2244(b)(2)(B) applies in the present circumstances (see Opposition, pp. 1-2).[3] Petitioner's argument cannot alter the result herein. Under section 2244(b)(3)(A), a petitioner seeking to file a "second or successive" petition must first obtain authorization from the Court of Appeals. See Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1030 (C.D. Cal.

---

    [3] Section 2244(b)(2)(B) provides that a claim presented in a second or successive habeas corpus application that was not presented in a prior application shall be dismissed unless: "(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

2003) ("to the extent that petitioner would like to try to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court") (citations omitted); accord, Chaney v. Dickerson, 2011 WL 781662, at *2 (C.D. Cal. Jan. 24, 2011), adopted, 2011 WL 781658 (C.D. Cal. Feb. 25, 2011).  "It is the Ninth Circuit's responsibility, not this Court's, to determine that the requirements of § 2244(b)(2)(B) have been met by filing a proper request with the Ninth Circuit for leave to file a successive petition."  Santiago v. Kramer, 2009 WL 307018, at *2 (E.D. Cal. Feb. 6, 2009), adopted, 2009 WL 602983 (E.D. Cal. Mar. 6, 2009).  Petitioner evidently has not yet obtained the Ninth Circuit's authorization to file a "second or successive" petition.  Consequently, this Court cannot entertain the present Petition.  See Burton v. Stewart, 549 U.S. at 157.

**ORDER**

For all the foregoing reasons, Respondent's Motion to Vacate is
///
///
///
///
///
///
///
///
///

granted. The Court's Orders of December 6, 2011 and January 30, 2012 are vacated. The Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 11, 2012.

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

PRESENTED this 10th day of

April, 2012 by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

9